## Heyer's Appeal.

34  183
184  507

It is irregular, in a proceeding for the distribution of a decedent's estate in the hands of his executor, to surcharge the executor with interest, thereby increasing the balance against him, beyond that indicated by the account as confirmed.

The separate accounts of two executors cannot be combined in making the distribution. Having filed separate accounts, they have no joint duty of distribution.

An appellant who succeeds in this court on objections not going to the merits, will not be allowed his costs; but the question of costs must be reserved until the final hearing.

APPEAL from the Orphans' Court of *Cambria county*.

This was an appeal by Theophilus L. Heyer, one of the executors of Jacob Stineman, deceased, from the decree of the court below, making a joint distribution of the assets in the hands of the appellant and his co-executor.

On the 12th October 1853, the will of Jacob Stineman was admitted to probate, and letters testamentary were granted to Jacob Stineman, Jr., and Theophilus L. Heyer, the appellant.

On the 27th April 1857, the appellant filed a separate account, showing a balance in his hands of $1073.99; which was confirmed on the 1st of June following. The other executor also filed a separate account, exhibiting a balance of $1350.46, which was confirmed at the same time.

An auditor was appointed to report distribution of the assets in the hands of the accountants respectively; who reported a joint distribution, combining the two separate accounts for that purpose; and also surcharged the appellant with $123.75 for interest accrued prior to the time of filing his account. The court below, notwithstanding exceptions by the appellant, confirmed the report of the auditor, and decreed distribution accordingly; whereupon this appeal was taken.

*G. M. Read*, for the appellant, cited Boyd *v.* Boyd, 1 *Watts* 367; Jones's Appeal, 8 *W. & S.* 143; Davis's Appeal, 11 *Harris* 208; Browns' Appeal, 1 *Dall.* 311; Sterrett's Appeal, 2 *Penn. R.* 419; Swoyer's Appeal, 5 *Barr* 383; Clark's Appeal, 6 *Harris* 175; Verner's Estate, 6 *Watts* 253; Stell's Appeal, 10 *Barr* 152, 153; Flintham's Appeal, 11 *S. & R.* 16; Brinton's Estate, 10 *Barr* 411; Light's Appeal, 12 *Harris* 180; Biles's Appeal, *Id.* 335; Yundt's Estate, 6 *Barr* 35; Ake's Appeal, 9 *Harris* 320.

The opinion of the court was delivered by

LOWRIE, C. J.—It was irregular, in a distribution proceeding, to go back into the executor's account and increase the balance

[Heyer's Appeal.]

by charging him with interest. It is unnecessary to do so in a partial account; for any omissions of this kind may be supplied in the final account. It would be entirely improper in a final account; for the decree of confirmation of that should show an exact balance, including all interest. Such irregularities complicate proceedings, even where they do no injustice.

It was irregular, also, to combine the separate accounts of the two executors in making the distribution. This cannot be done without joining them in the duty of distribution of each other's balance among those entitled, and thus making them liable for each other.

For these causes we must reverse this decree of distribution. But we are not satisfied that these objections have any merit, except that which relates to mere form, and therefore we cannot allow the appellant his costs; but must leave the question of costs open until the hearing of the next report.

> Decree of distribution reversed, and the case is referred back to the same auditor, William Kettell, Esq., who is directed to report to the Orphans' Court; the costs to abide the event of the further hearing; and the cause is remitted to the Orphans' Court to be proceeded in according to law.